# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**GERALD CARDISH, JR.,**

      **Plaintiff,**

  v.                                Case No. 1:21-cv-649
                                          JUDGE DOUGLAS R. COLE
**U.S. IMMIGRATION, et al.,**         Magistrate Judge Litkovitz

      **Defendants.**

## OPINION AND ORDER

This cause comes before the Court on Magistrate Judge Litkovitz's October 11, 2021, Report and Recommendation ("R&R") (Doc. 4). The R&R recommends the Court dismiss this matter with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) because "it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief." (R&R, Doc. 4, #18). That R&R also recommends that the Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith. (*Id.* at #18). Plaintiff Gerald Cardish objected ("Objections," Doc. 7) to the R&R on February 9, 2022, and the matter is now ripe for district court review.

For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 4) to the extent that the Court **DISMISSES** Cardish's Complaint (Doc. 3), but the Court does so **WITHOUT PREJUDICE**. The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith and therefore **DENIES** Cardish leave to appeal in forma pauperis.

## BACKGROUND

Cardish initiated this pro se action on October 8, 2021, when he filed a Motion for Leave to Proceed in forma pauperis. (Doc. 1). The Magistrate Judge granted that Motion on October 12, 2021, (Doc. 2), and Cardish's Complaint was entered onto the docket that same day. (Doc. 3). In that Complaint, Cardish alleges the following:

> In August 2021 Immigration knocked on my door, came up to me at my resident (sic) and asked me if I had a green card and I said why would I need a green card when I'm tribal (American Indian) and was born in Chicago Ill. Then the lady looked upstairs to my neighbor and seen my neighbor Stephanie looking out the window and asked her to come down but she walked away from the window and wouldn't come down. Then the lady from immigration said she was sorry for coming and that she had to investigate because someone had called them and she said she would keep it on file.

(Doc. 3, #16). In response to this incident, Cardish states that "[he] want[s] to press charges," naming as Defendants "U.S. Immigration"[1] and "Stephanie"—as well two otherwise unidentified individuals named Frita Hays and Megan. (*Id.* at #15–17).

After Cardish's Complaint was entered onto the docket, the Magistrate Judge issued the instant R&R, where she recommends that the Court dismiss this matter pursuant to its screening authority under 28 U.S.C. § 1915(e)(2)(B). (R&R, Doc. 4, #22). Under § 1915(e)(2)(B), the Court may sua sponte dismiss an in forma pauperis complaint—such as the Complaint at issue here—if "at any time the Court determines that" the action "(i) is frivolous or malicious; (ii) fails to state a claim in which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

---

[1] "U.S. Immigration" presumably refers to U.S. Immigration and Customs Enforcement ("ICE").

Here, the R&R concludes that dismissal under § 1915(e)(2)(B) is appropriate as the Court has neither diversity jurisdiction nor federal question jurisdiction—and thus lacks the subject-matter jurisdiction necessary to hear this case. (R&R, Doc. 4, #21). The Court lacks diversity jurisdiction, the R&R concludes, because (1) Cardish "has not alleged the requisite amount in controversy," and (2) Cardish and Stephanie are both Ohio citizens, thus there is not complete diversity among the parties. (*Id.* at #20–21). The Court lacks federal question jurisdiction, the R&R concludes, because the Magistrate Judge "is unable to discern from the facts alleged in the [C]omplaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief." (*Id.* at #21).

Cardish responded by filing his Objections on February 9, 2022. (Doc. 7). There, he states that he has photos of tools that were damaged in connection with the alleged incident described in his Complaint and requests that the Court allow the case to proceed so it can consider this evidence. (*Id.* at #28). The Court turns to those Objections below.

**LAW AND ANALYSIS**

Under Fed. R. Civ. P. 72(b)(3), district courts review an R&R de novo after a party files a timely objection. This review, however, applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013). In response to such an objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.*

3

(quoting Fed. R. Civ. P. 72(b)(3)). However, a general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16cv802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017). That is, the litigant must identify each issue in the R&R to which he objects with sufficient clarity that the Court can identify it, or else that issue is deemed waived. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

That said, here, the petitioner is proceeding pro se. A pro se litigant's pleadings are to be construed liberally and are subject to less stringent standards than formal pleadings filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). At the same time, pro se litigants must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

In his Objections, Cardish does not mention the R&R nor respond to any of its findings. (Doc. 7). Rather, Cardish describes his injuries, and specifically explains that—in the course of the events described in his Complaint—certain tools he owns were damaged. (*Id.* at #28). Cardish states that he has photos of these damaged tools, and requests that the Court allow this case to proceed so he can present the photos to the Court. (*Id.*). While the Court is sympathetic to Cardish's position, it cannot discern how Cardish's argument here relates to the Magistrate Judge's conclusion that this case should be dismissed for lack of subject-matter jurisdiction. Thus,

4

because Cardish does not respond to the R&R, the Court concludes that the R&R is essentially unobjected. *Miller,* 50 F.3d at 380.

The Advisory Committee notes to Rule 72(b) of the Federal Rules of Civil Procedure suggest, however, that even when no party objects to an R&R, the Court should still review the R&R for clear error. Applying that standard here, the Court agrees with the R&R with regard to its conclusion that the Court lacks subject-matter jurisdiction in this case. To the extent Cardish attempts to invoke federal question jurisdiction, that effort fails because Cardish has not identified—and the Court cannot discern—any of his federal rights that may be implicated by this case. 28 U.S.C. § 1331. And to the extent Cardish attempts to invoke diversity jurisdiction, the Court rejects that effort as well, because (1) Cardish fails to allege the requisite amount in controversy and (2) complete diversity did not exist at the time Cardish filed his Complaint.[2] *See Evanston Ins. Co. v. Hous. Auth. of Somerset*, 658 F. App'x 799, 802 (6th Cir. 2016); 28 U.S.C. § 1332(a). Given the apparent lack of federal question or diversity jurisdiction, the Court agrees with the Magistrate Judge that it lacks jurisdiction to hear this case. Cardish may have a claim, but because there is no basis to bring this claim in federal court, it must be pursued—if at all—in state court, not federal court.

---

[2] In his Objections, Cardish states that his address has changed and he now lives in Kentucky. (Doc. 7, #28). If that is the case, it may be that Cardish is now a Kentucky citizen, rather than an Ohio citizen. For the purposes of the § 1332(a) analysis, however, that is irrelevant, because "[w]hen a party invokes diversity jurisdiction, 'complete diversity must exist between the parties *at the time the complaint is filed.*'" *Emiabata v. Progressive Ins.*, No. 1:17cv1859, 2018 WL 3752237, at *2 (N.D. Ohio Aug. 8, 2018) (quoting *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967)) (emphasis added).

But there is an additional wrinkle. As previously discussed, the R&R recommends that, because the Court lacks jurisdiction, it should dismiss this case with prejudice pursuant to 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) authorizes the Court—in pertinent part—to screen in forma pauperis complaints and dismiss them sua sponte if the Court determines that the action is "frivolous." Certainly, one could understand the merits of the R&R's approach here, since one might argue that any case where the Court lacks jurisdiction is essentially "frivolous" insofar as the Court lacks the power to adjudicate it. However, it is also well-established that federal courts have an independent "duty to consider their subject matter jurisdiction in regard *to every case* and may raise the issue sua sponte." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (emphasis added). Thus, one might argue that if a court finds it lacks jurisdiction, then it should dismiss on that independent basis rather than under § 1915(e)(2), since the lack of jurisdiction deprives the Court of the authority to even undertake a § 1915(e)(2) screening.

Accordingly, the question is whether this case is appropriately dismissed under § 1915(e)(2), or instead under the Court's more general duty to dismiss for lack of jurisdiction. Which path is correct is something of an unsettled question, although courts in this circuit tend to lean in favor of the former approach. *Howard v. Good Samaritan Hosp.*, No. 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022) (collecting cases).

6

Of course, in many cases, which of these two paths a court chooses is largely irrelevant, as both often lead to the same destination: dismissing the complaint. That said, the difference between the two paths may matter in one regard. While courts can dismiss matters sua sponte under § 1915(e)(2) without providing leave to amend, that is not always true outside that context. Indeed, "[g]enerally, a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." *Smith v. Cadle,* No. 21-5370, 2021 WL 7210172, at *2 (6th Cir. Nov. 18, 2021). Thus, if concerns regarding subject-matter jurisdiction fall outside § 1915(e)(2)'s scope, it is perhaps possible that, in certain cases, a plaintiff proceeding in forma pauperis would be entitled to leave to amend before the court could dismiss the complaint outright.

However, the general rule that courts should grant plaintiffs leave to amend before dismissing their complaints sua sponte for lack of subject-matter jurisdiction has at least one important exception. As the Sixth Circuit has observed, a "plaintiff is not entitled to an opportunity to amend his complaint" before a district court "sua sponte dismiss[es] a complaint for lack of subject-matter jurisdiction" if "the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Id.*

In this case, the Court concludes that this exception applies. Cardish's Complaint alleges that officials from "U.S. Immigration" came to his residence, asked to see his green card, and left when Cardish told him he did not have one because he was born in Chicago. (Doc. 3, #16). While at Cardish's residence, the officials also

7

allegedly saw one of Cardish's neighbors named Stephanie and "asked her to come down"—Stephanie, though, did not do so. (*Id.*). In his Objections to the R&R, Cardish further explains that, at some point after this interaction with the immigration officials, Cardish's landlord evicted him, and a building inspector came to his house an "messed up [his] tool[]s." (Doc. 7, #28). The Court cannot discern in these interactions anything even vaguely resembling a claim against any of the named Defendants in this case—"U.S. Immigration," Stephanie, Frita Hays, or Megan (the latter two of whom are not even mentioned in the Complaint or the Objections beyond being named as Defendants). (Doc. 3, #15). Accordingly, in the Court's view, Cardish's allegations are "unsubstantial" and "frivolous." As such, it follows that, even if the Court concludes that lack of jurisdiction should be treated as an independent basis for dismissal (rather than as a reason justifying dismissal under § 1915(e)(2)), it would be a distinction without a difference—as either way, Cardish would not be entitled to amend his Complaint before the Court dismisses the case.

But that still leaves one last issue. As already explained, the Magistrate Judge recommends that the Court dismiss this matter with prejudice. (R&R, Doc. 4, #22). Generally speaking, however, a dismissal for lack of jurisdiction should be made without prejudice, as it is not a determination on the merits. *See* Fed. R. Civ. P. 41(b); *see also, e.g., Carmichael v. City of Cleveland*, 571 F. App'x 426, 437 (6th Cir. 2014) ("Because the district court lacked subject-matter jurisdiction, dismissal should have been without prejudice."). To be sure, this dismissal on jurisdictional grounds means that Cardish cannot refile his action in federal court. But labeling the dismissal as

8

"with prejudice" could be interpreted to have preclusive effect on Cardish's ability to refile his claim in state court, which is the proper venue for his claim, if anywhere.

At bottom, the Court agrees with the R&R that the proper course is to dismiss the Complaint. However, the Court makes two modifications to the R&R's recommendations. First, although the R&R recommends that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject-matter jurisdiction, the Court declines to determine whether § 1915(e)(2) applies, or whether the lack of subject-matter jurisdiction instead creates an independent basis for dismissal. Second, while the R&R recommends that the Court dismiss this matter with prejudice, the Court instead concludes that the dismissal should be without prejudice.

Thus, the Court **ADOPTS** the R&R (Doc. 4) to the extent that the Court **DISMISSES** Cardish's Complaint (Doc. 3), but the Court does so **WITHOUT PREJUDICE**. The Court further **CERTIFIES** pursuant to 28 U.S.C. § 1915(a) that an appeal of this Order would not be taken in good faith and therefore **DENIES** Plaintiff leave to appeal in forma pauperis. The Court **DIRECTS** the Clerk to enter judgment accordingly and to **TERMINATE** this case on the Court's docket.

      SO ORDERED.

July 27, 2022
**DATE**

                        **DOUGLAS R. COLE**
                        **UNITED STATES DISTRICT JUDGE**